# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6049 | **DATE** | September 28, 2011 |
| **CASE TITLE** | Bernard Mims (R-55072) vs. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied. Plaintiff's complaint is dismissed without prejudice. He is given 30 days from the date of this order to: (1) pay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. Plaintiff's failure to comply may be construed as his desire not to proceed with this case and will result in dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall forward an amended complaint form to Plaintiff.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Bernard Mims (R-55072), an inmate at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 complaint and seeks to proceed *in forma pauperis* ("IFP"). His IFP application shows that he has a current balance of $5,688.42 and an average monthly deposit during the six months prior to filing this suit of $1,028.96.. Because plaintiff is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status. 28 U.S.C. § 1915(b); *see also Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Plaintiff is financially able to pay the $350 filing fee and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If plaintiff does not pay the filing fee within 30 days, the court shall dismiss this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

Additionally, plaintiff's complaint cannot proceed as currently drafted. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff provides a 10-page narrative of inadequate treatment for pain he has had in his hand since 2007. Naming 13 defendants, he includes some defendants who saw him only once years ago, while other defendants are not mentioned at all in the body of the complaint. *See generally* Complaint at 5-15. Not every person who was informed about Plaintiff's hand is properly a defendant. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Also, under the notice-pleading requirement, a plaintiff must provide enough information about his claim so that each Defendant may know of and respond to the claim being alleged against him or her. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint submitted by Plaintiff fails to provide such notice. If Plaintiff wants to proceed with this case, he must submit an amended complaint that contains short plain statements describing his claims, that is easier to read, and that more clearly sets out what his claim is against each defendant. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005) ("an exhaustive recitation of the facts or elements" is not necessary).

Plaintiff has 30 days from the date of this order to pay the filing fee and submit an amended complaint in accordance with this order. His failure to do so may be construed as his desire not to proceed with this case and will result in dismissal of the case.