IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BERNARD MIMS (R-55072) ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11 C 6049 |
| ) | |
| ) | Judge Virginia M. Kendall |
| **WEXFORD HEALTH SOURCES, ET AL.** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bernard Mims, an inmate at the Stateville Correctional Center, initiated this pro se 42 U.S.C. § 1983 action in August 2011 against seventeen Defendants (Stateville officials, doctors, and medical staff, as well as Wexford Health Sources and its Chief Executive Officer Kevin Halloran). Plaintiff alleges that, since 2007, when he entered the prison, he has received inadequate treatment for his hand, which was broken sometime before his arrival and which allegedly healed improperly. On initial review, the Court dismissed ten Defendants and allowed Plaintiff to proceed against the following seven parties: Dr. Evaristo Aguinaldo, Dr. Partha Ghosh, Dr. Liping Zhang, Dr. Richarrd Shute, Physiciaa's Assistant Latoya Williams, Wexford Health Sources, and its CEO Kevin Halloran. These Defendants have filed a motion to dismiss. Plaintiff has responded. For the reasons stated herein, the Court denies the motion to dismiss.

**STANDARD OF REVIEW**

When reviewing a motion to dismiss, a court considers to be true all well pleaded allegations, as well as any inferences reasonably drawn therefrom. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th

Cir. 2008). A court may also consider documents attached to the complaint as part of the complaint. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *see also* Fed. R. Civ. P. 10(c).

Under the pleading standard of Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, but it must present more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007), citing *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a plaintiff pleads facts demonstrating that he has no claim, he may plead himself out of court, warranting dismissal of the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). "A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo*, 526 F.3d at1086 (internal quote and citation omitted). A court may also dismiss claims to which affirmative defenses apply, such as a failure to exhaust administrative remedies or the applicability of a statute of limitations, when the defenses are so plain from the face of the complaint such that the claim can be regarded as frivolous. *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). With these standards in mind, the Court addresses the motion to dismiss.

## DISCUSSION

Defendants note that Plaintiff has included medical records and copies of grievances with his complaint. They contend: (1) the medical records reveal that Plaintiff received treatment for his hand

and that the Defendants were not deliberately indifferent; (2) Plaintiff failed to exhaust administrative remedies against the Defendants; (3) Plaintiff failed to allege personal involvement by Wexford CEO Halloran; (4) Plaintiff failed to allege a custom or policy claim against Wexford, and (5) the claims against Dr. Aguinaldo are time-barred.

**Plaintiff States Claims of Deliberate Indifference**

A claim of deliberate indifference to a serious medical need consists of objective and subjective elements. A plaintiff must be able to demonstrate both: "1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition," i.e. that the defendant was actually aware of the substantial risk of harm but disregarded it. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *see also Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). The Defendants do not address whether Plaintiff's hand injury is a serious medical condition, but instead argue that the medical records demonstrate that there was no deliberate indifference with respect to that condition.

According to the medical records attached to the complaint, Dr. Aguinaldo examined Plaintiff in September 2007 when he entered the prison and noted, among other conditions, a right hand injury from months before. (R. 11, Am. Compl. at 25.) Dr. Zhang examined Plaintiff in December 2009, noting Plaintiff's complaints of pain or deformity with a right hand injury from eight years earlier, for which Dr. Zhang ordered x-rays. X-rays taken later that month revealed, "No new pathology, solidly healed old f[ractures] of 4, 5 metacarpal." (*Id.* at 34.) In December 2010, Physician's Assistant Williams examined Plaintiff's hand, noted a deformity, and referred him for an evaluation by the medical director. (*Id.* at 35.) Dr. Shute examined Plaintiff in April 2011, noted his complaints of pain and sensation of coldness, wrote that the hand was likely arthritic, prescribed 400 mg of Motrin, and ordered x-rays. (*Id.* at 36.) On May

19, 2011, Dr. Shute again saw Plaintiff and reviewed x-rays, which again showed a "solidly healed" old injury with "no new pathology" (*id.* at 37).

Defendants contend that these medical records show that Plaintiff's complaints about his hand were not ignored, that he received pain medication, that x-rays were ordered to determine if there was a new injury, and that such treatment thus demonstrates no deliberate indifference. Even though Plaintiff received treatment for his hand, including pain medication and x-rays, he may nonetheless be able to show that such treatment was clearly inadequate for his condition. Deliberate indifference does not require Plaintiff to establish that he was literally ignored *King v. Kramer*, 680 F.3d 1013, 1019 (7th Cir. 2012). "A medical professional's deliberate indifference may be inferred when the 'medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.'" *Id.* at 1018-19, quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996). The medical records, by themselves and without more, do not establish that the treatment Plaintiff received was not "a substantial departure from accepted professional judgment" and do not necessarily belie Plaintiff's allegations that the Defendants acted with deliberate indifference. The Court cannot conclude that Plaintiff has pled himself out of court based upon the medical records attached to his complaint. Defendants' motion to dismiss on this ground is thus denied.

**Failure to Exhaust:**

Defendants contend that two grievances attached to Plaintiff's complaint show that he specifically referred to only Dr. Ghosh in the grievances and thus did not exhaust administrative remedies for the other members of Stateville's medical staff. The two grievances are from February 2011 and April 2011. (R. 11, Am. Compl. at 41, 43.) The February 2011 grievance states that Dr. Ghosh had ordered

x-rays of Plaintiff's hand, but never called Plaintiff back to discuss the results. (*Id.* at 43.) The April 2011 grievance states that Plaintiff had been in pain with his hand since 2008, that x-rays are taken but he never gets called back to go over the results, and that it is hard for him to use his hand. (*Id.* at 41.)

Failure to exhaust, as an affirmative defense, may be decided on a motion to dismiss only when it "is so plain from the face of the complaint" that such a defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002). The Prisoner Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Court cannot conclude that the two grievances attached Plaintiff's complaint demonstrate a failure to exhaust. There may have been additional grievances and the record must be developed before dismissal can be granted on this ground. Furthermore, the fact that Plaintiff did not specifically refer to each of the Defendant doctors in the grievances does not necessarily render his claims unexhausted. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (the purpose of a prisoner's grievance is to give prison administrators an opportunity to address a shortcoming, not to put individual defendants on notice of a lawsuit); *see also Dolis v. Loftus*, No. 08 C 2085, 2010 WL 3834426 at *12 (C.D. Ill. Sept. 20, 2010) (Baker, J.) ("It would be unreasonable to expect that, for every set of facts, an inmate will be able to peel back layers of bureaucracy and match a disputed decision with the prison employee responsible for that decision."). Courts have rejected the argument that grievances filed in Illinois prisons must specifically name the medical persons involved to satisfy § 1997e(a)'s exhaustion requirement. *Turley v. Catchings*, No. 03 C 8941, 2004 WL 2092008 at *3 (N.D. Ill. Sept. 15, 2004) (Norgle, J.); *Murray v. Artz*, No. 02 C 8407, 2002 WL 31906464 at *4 (N.D. Ill. Dec. 31, 2002) (Kennelly, J.), *citing Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002).

Accordingly, the Court denies the motion to dismiss on the ground that Plaintiff failed to exhaust administrative remedies in accordance with § 1997e(a).

**Kevin Halloran**

Kevin Halloran is the Chief Executive Officer of Wexford Health Sources, a Pennsylvania based corporation that contracts with the State of Illinois to provide medical services to Illinois prisoners. Halloran contends that allegations that Plaintiff wrote him letters insufficiently plead that Halloran can be held responsible for any lack of treatment.

Although the Seventh Circuit has noted that not every person who receives letters of an alleged constitutional violation is liable under § 1983, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), Halloran was not simply an unrelated public official like the Governor, the Director of Prisons, or even the prison warden referred to in *Burks*. As the CEO of Wexford, there is at least an inference that Halloran could have intervened and investigated.

A supervisory official may be liable for the constitutional torts of subordinates if the supervisor knows of and facilitates, approves, condones, or turns a blind eye to the conduct. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000); *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988). Plaintiff's allegations that he sent letters informing Halloran of Stateville physicians' continued refusal to provide adequate treatment for his improperly-healed and deformed hand contains all of the elements of a deliberate indifference claim: (1) an objectively serious medical condition, which Halloran does not contest at this time, and (2) actual knowledge of the condition and a conscious disregard of it. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994). Motions by Halloran in other cases have been denied upon finding that similar allegations were sufficient to state a claim. *Thomas v. Ghosh*, No. 08 C 4644, 2009 WL 910183, at *5 (N.D.Ill. Mar.31, 2009) (Gottschall, J.) (denial of a motion to dismiss by Halloran based

upon a "lack of direct, personal involvement ... without prejudice to filing a properly supported motion for summary judgment"); *see also Young v. Wexford Health Sources* No. 10 C 8220, 2012 WL 621358 at *7 (N.D. Ill. Feb. 14, 2012) (Pallmeyer, J.) (same); *Reliford v. Ghosh*, No. 10 C 3555, 2011 WL 3704747 at *4 (N.D. Ill. Aug. 19, 2011) (Leinenweber, J.) (same). Although Halloran cites to one case where his motion to dismiss was granted, *Taylor v. Wexford Health Services, Inc.*, No. 11 C 7386, 2012 WL 245165 at *5 (N.D.Ill. Jan. 26, 2012) (St. Eve, J.), the plaintiff's complaints to Wexford in that case had been investigated and his claim challenged a Wexford policy, as opposed to any individual action or inaction. *Id.* The present case alleges that Halloran ignored Plaintiff's complaints that Stateville doctors provided inadequate treatment for years. As noted above and in the cases cited above, such assertions state a claim of deliberate indifference against Halloran. His request for dismissal is thus denied.

**Custom and Policy Claim Against Wexford:**

Defendant Wexford contends that the complaint fails to assert a custom and policy claim against it and fails to state how it was involved. The Court notes that, although Wexford is a private corporation, it qualifies as a state actor for § 1983 purposes because it is performing a governmental function that was delegated to it by the Illinois Department of Corrections. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). To establish a custom or policy claim against Wexford, Plaintiff must be able to demonstrate that "his constitutional injury was caused by (1) the enforcement of an express policy of [Wexford], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467–68 (7th Cir. 2007) (citation omitted). Plaintiff meets this standard as he alleges that the custom of Stateville's medical staff was to do only cursory examinations of inmate's medical issues and that requests for additional tests were refused by Wexford. (R. 11, Am. Compl. at 8-10); *see also Young v. Wexford*

*Health Sources*, No. 10 C 8220, 2012 WL 621358 at *7 (N.D. Ill. Feb. 14, 2012) (Pallmeyer, J.); *McDonald v. Wexford Health Sources*, No. 09 C 4196, 2010 WL 3034529 at *3 (N.D. Ill. July 30, 2010) (Gottschall, J.) (both courts denying motions to dismiss a policy claim against Wexford where the plaintiff alleged that medical services were not performed for cost saving reasons by Wexford). The Court thus denies the motion to dismiss the policy and custom claim against Wexford.

**Dr. Aguinaldo:**

Lastly, Dr. Aguinaldo contends that the medical records attached to the complaint demonstrate that Plaintiff's claims against him are untimely. Noting that Plaintiff provides no dates of service in his allegations, Dr. Aguinaldo cites to the medical records attached to the complaint and contends that they show that he performed only the initial examination in September 2007.

Like failure to exhaust, the statute of limitations is an affirmative defense may be decided on a motion to dismiss only when it "is so plain from the face of the complaint" that such a defense applies. *Walker*, 288 F.3d at 1009. The limitations period for a § 1983 claim in Illinois is two years, not counting the period of time administrative remedies are sought. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Dr. Aguinaldo correctly notes that the medical records attached to Plaintiff's complaint only show an initial examination by him in September 2007 but not any other treatment. (R. 11, Am. Compl. at 25-27.) However, Plaintiff alleges that he was "in constant pain during 2007 through ... 2011." (*Id.* at 6.) Plaintiff states that he "complained on several different occasions and he wasn't seen or he was given the bare minimum effort or medical treatment." (*Id.*) Plaintiff initiated this suit in August 2011. If he continuously complained from 2007-2011, and if Dr. Aguinaldo was at the prison as late as August 2009, claims that Dr. Aguinaldo ignored Plaintiff's complaints or provided inadequate treatment may be timely.

Dr. Aguinaldo does not state when he left Stateville. The Court cannot conclude that the statute of limitations is so plain from the face of the complaint to warrant the dismissal of claims against Dr. Aguinaldo on this ground.

## CONCLUSION

For the reasons stated above, the Court denies Defendants' motion to dismiss [#46]. They are directed to answer the amended complaint or otherwise plead within 30 days of the date of this order.

ENTERED: _____
Virginia M. Kendall
United States District Court Judge

**DATE:** December 12, 2012